JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEE SKOOG, MICHELLE BLACK, TIFFANY MILLER, BARBARA WERTMAN and CANDICE HOWARTH-GADOMSKI, on behalf of themselves and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff   Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles E. Schaffer, Levin Sedran & Berman, LLP, 510 Walnut Street, Suite 500, Philadelphia, PA 19106 (215) 592-1500

## DEFENDANTS
HILL'S PET NUTRITION, INC.

County of Residence of First Listed Defendant   Shawnee County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                       *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Magnuson-Moss Act
Brief description of cause:
Consumer fraud matter relating to sale/distribution of toxic pet food.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*      JUDGE _____      DOCKET NUMBER _____

DATE
04/03/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 731 Bobbin Mill Road, Media, PA  19063 _____

Address of Defendant: _____ 400 South West 8th Street, Topeka, KS  66603 _____

Place of Accident, Incident or Transaction: _____ Media, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/03/2019 _____  _____ Attorney-at-Law / Pro Se Plaintiff  76259 Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases
     *(Please specify):* _____ Other personal property damage

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Charles E. Schaffer _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: 04/03/2019 _____  _____ Attorney-at-Law / Pro Se Plaintiff  76259 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 731 Bobbin Mill Road, Media, PA  19063 _____

Address of Defendant: _____ 400 South West 8th Street, Topeka, KS  66603 _____

Place of Accident, Incident or Transaction: _____ Media, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/03/2019__   _____ /s/ _____   76259

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
      *(Please specify):* _____ Other personal property damage

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Charles E. Schaffer _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __04/03/2019__   _____ /s/ _____   76259

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

LEE SKOOG, MICHELLE BLACK, TIFFANY MILLER,
BARBARA WERTMAN and HOWARTH-GADOMSKI, :
on behalf of themselves and all others similarly situated,  :

CIVIL ACTION

v. :

HILL'S PET NUTRITION, INC. :

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 04/03/2019 | Charles E. Schaffer | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 592-1500 | (215) 592-4663 | cschaffer@lfsblaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE SKOOG, MICHELLE BLACK, TIFFANY MILLER, BARBARA WERTMAN and CANDICE HOWARTH-GADOMSKI on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>    Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Lee Skoog, Michelle Black, Tiffany Miller, Barbara Wertman and Candice Howarth-Gadomski ("Plaintiffs") bring this action, on behalf of themselves and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") and allege as follows:

## FACTUAL ALLEGATIONS

1.   Defendant sells pet food for dogs and has worked to build a premium brand specifically targeted at ingredient-conscious pet owners.

2.   Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon.

3.   Veterinarians usually prescribe Defendant's Science Diet and Prescription Diet product lines to address nutritional deficiencies and health issues. Therefore, the alleged

premium ingredients present in these pet foods are an important characteristic to consumers, including the Plaintiffs and Class Members.

4.    At issue in this action are certain sizes and varieties of two of Defendant's pet food product lines: "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[1]

---

[1] The products that are part of the Hill's Pet Nutrition dog food recall include the following canned dog food products (Plaintiffs reserve the right to amend this list as necessary):

- Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
- Hill's Prescription Diet z/d Canine 5.5 oz.
- Hill's Prescription Diet g/d Canine 13 oz.
- Hill's Prescription Diet i/d Canine 13 oz.
- Hill's Prescription Diet j/d Canine 13 oz.
- Hill's Prescription Diet k/d Canine 13 oz.
- Hill's Prescription Diet w/d Canine 13 oz.
- Hill's Prescription Diet z/d Canine 13 oz.
- Hill's® Prescription Diet® k/d® Kidney Care with Lamb Canned Dog Food, 13oz, 12-pack
- Hill's® Science Diet® Adult Perfect Weight Chicken & Vegetable Entrée dog food 12 x 12.8oz cans
- Hill's® Prescription Diet® c/d® Multicare Urinary Care Chicken & Vegetable Stew Canned Dog Food, 5.5oz, 24-pack
- Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Vegetable & Chicken Stew 24 x 5.5oz cans
- Hill's® Prescription Diet® r/d® Canine 12 x 12.3oz cans
- Hill's® Science Diet® Adult Beef & Barley Entrée Canned Dog Food, 13oz, 12-pack
- Hill's® Science Diet® Adult 7+ Healthy Cuisine Roasted Chicken, Carrots & Spinach Stew dog food 12 x 12.5oz cans
- Hill's® Science Diet® Healthy Cuisine Adult Braised Beef, Carrots & Peas Stew Canned Dog Food, 12.5oz, 12-pack
- Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.
- Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.
- Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
- Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
- Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Light with Liver Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.

### *Hill's Misrepresentations*

5.      In its advertising, marketing material and packaging, Defendant represents that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[2]

6.      In order to better sell its Products, and to entice veterinarians to prescribe them, Defendant markets the Products as formulated and intended for dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7.      Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[3]

8.      Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high-quality standards, so your pet's food is produced under clean and sanitary conditions."[4]

9.      Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.  Additionally, all finished

---

- Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food 12.5 oz.
- Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.
https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6QfRg_53X Y_88eysTT6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last accessed on April 1, 2019).

[2] https://www.hillspet.com/dog-food (last accessed on February 28, 2019).
[3] https://www.hillspet.com/about-us/quality-and-safety (last accessed on February 28, 2019).
[4] *Id.*

products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[5]

10.     Defendant clearly states that its products contain the "precise balance" of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[6]

11.     The packaging for the Products include claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."

12.     As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, and product manufacturing and oversight are false, misleading and deceptive.

### *The Recall*

13.     On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

14.     On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science Diet products.

15.     On March 20, 2019, Defendant announced a second expansion of the recall to include additional Science Diet and Prescription products and additional Science Diet and Prescription Diet SKU and lot numbers.

---

[5] *Id.*
[6] https://www.hillspet.com/about-us/nutritional-philosophy (last accessed on February 28, 2019).

16.     Hill's claims the excessive vitamin D is "due to a supplier error."[7]

***The Price Premium***

17.     Defendant charges a premium price for its Products.  As demonstrated below, the

Hill's Products command a substantial premium over other dog food products:[8]

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |
| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

---

[7] https://www.fda.gov/Safety/Recalls/ucm630232.htm (last accessed on February 28, 2019).
[8] Pricing information obtained from: https://www.chewy.com, accessed on 02/15/2019.

18.     The presence of toxic levels of vitamin D in the Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead dogs indicates that the Hill's Products' value to the consumers is diminished, and consequently, the Products are worth substantially less than the premium prices paid to purchase them.

19.     As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiffs and class members suffered actual damages and economic losses because they overpaid for the Hill's Products not knowing that the Hill's Products had an adverse effect on their pets' health.

20.     Consumers are willing to pay a premium for Defendant's Hill's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, testing and oversight, and manufacturing standards. In its advertising, marketing material and packaging, Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[9]

21.     Instead, Plaintiffs and Class Members paid a premium for a product that sickened or killed thousands of dogs.  And, all Class Members despite having paid a premium price for supposedly healthy dog food marketed to be specifically formulated to address certain health concerns and to meet certain ingredient supply, quality, testing and oversight, and manufacturing standards, did not receive what they paid for.  Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant.  Instead of receiving this positive health benefits, these consumers were subject to

---

[9] https://www.hillspet.com/dog-food (last accessed on February 28, 2019).

expensive veterinary bills and related costs as they tried to address the illnesses caused by the excessive and toxic vitamin D levels in the Hill's Products.

22.      As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiffs and Class Members suffered actual damages and/or economic losses.

### *Additional Advertising and Marketing Misrepresentations*

23.      As described above and below, Defendant has engaged in an extensive, nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

24.      Describing the quality of Hill's Products, Defendant's website[10] states a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[11]

25.      Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[12] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

26.      Additionally, Defendant claims that its Science Diet product line would feed "your dog's best life" with biology-based nutrition and that "we make our foods using only high-quality ingredients."[13]

---

[10] https://www.hillspet.com/about-us/quality-and-safety (Last visited on February 28, 2019).
[11] *Id.*
[12] https://www.hillspet.com/prescription-diet/dog-food (Last visited on February 28, 2019).
[13] https://www.hillspet.com/science-diet/dog-food (Last visited on February 28, 2019)/

*Defendant's Misrepresentations and Omissions are Material to Consumers*

27.    Although pet foods vary in the quality of ingredients, formula, manufacturing processes and inspection quality, and nutritional value, premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

28.    Hill's Pet Nutrition Prescription Diet and Science Diet product lines are typically sold through a veterinarian's office and provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

29.    As discussed above, Hill's Products emphasize nutritional value for the dogs consuming them.  Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

30.    Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## PARTIES

31.    Plaintiff Lee Skoog is a citizen of Pennsylvania and resides in Media, Pennsylvania.  At various times within the Relevant Time Period (defined below), Plaintiff Skoog purchased the following Hill's Products for her dog named Gracie: Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz., Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz., Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz., Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz. and Hill's® Prescription Diet® k/d® Kidney Care with Lamb Canned Dog Food 13oz. Gracie consumed the Hill's Products and became ill and then died because of the toxic levels of vitamin D present in the Hill's Products consumed.  Plaintiff Skoog incurred over $2,000 in veterinary

8

bills and expenses because of the toxic Hill's Products consumed by Gracie.

32.     Plaintiff Michelle Black is a citizen of Pennsylvania and resides in Lemont, Pennsylvania. At various times within the Relevant Time Period (defined below), Plaintiff Black purchased Hill's Prescription Diet k/d Canine in 13-ounce cans for her four-year-old Cocker Spaniel named Nemo. Nemo consumed the Prescription Diet Digestive Care i/d with turkey 13-oz cans. Nemo became ill from these Hill's Products, and then died because of the toxic levels of vitamin D present in the Hill's Products consumed. Plaintiff Black incurred $2,457.90 in veterinary bills and expenses because of the toxic Hill's Products consumed by Nemo.

33.     Plaintiff Tiffany Miller is a citizen of Pennsylvania and resides in Allentown, Pennsylvania. At various times within the Relevant Time Period (defined below), Plaintiff Miller purchased the following Hill's Products for her Golden Retriever named Fido: Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz., Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz., Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz., and Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz. Fido consumed the Hill's Products, became ill from these Hill's Products, and then died because of the toxic levels of vitamin D present in the Hill's Products consumed . Plaintiff Miller incurred $450 in bills and expenses because of the illness and death of Fido as a result of the toxic Hill's Products consumed by Fido.

34.     Plaintiff Barbara Wertman is a citizen of Pennsylvania and resides in Dillsburgh, Pennsylvania. At various times within the Relevant Time Period (defined below), Plaintiff Wertman purchased the following Hill's Products for her 2 Toy Fox Terriers named Doogie (male) and Maciekae (female): Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz., both of her dogs became ill because of the toxic levels of Vitamin D

9

present in the Hills Products consumed, and Maciekae died because of these toxic levels of vitamin D present in the Hill's Products consumed. Plaintiff Wertman incurred nearly $500 in veterinary bills and expenses for Doogie and $ 300 for Maciekae because of the toxic Hill's Products consumed by her dogs.

35.    Plaintiff Candice Howarth-Gadomski is a citizen of Pennsylvania and resides in Lake Ariel, Pennsylvania. At various times within the Relevant Time Period (defined below), Plaintiff Howarth-Gadomski purchased the following Hill's Products for her Shepard/Husky named Rusty: Hill's Prescription Science Diet z/d. Fido consumed the Hill's Products, became ill from these Hill's Products, and then died because of the toxic levels of vitamin D present in the Hill's Products consumed. Plaintiff Howarth-Gadomski incurred bills and expenses because of the illness and death Rusty of as a result of the toxic Hill's Products consumed by Rusty.

36.    Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas 66603. Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

37.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class Member is a citizen of a state different from Defendant.

38.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered and does business throughout this District.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

### *The Classes and Subclasses Defined*

40.     Plaintiffs seek to represent a nationwide class defined as all persons in the United States who purchased Hill's Products during the Relevant Time Period. "Relevant Time Period" means the time period beginning with the earliest date that the Hill's Products contained abnormally high levels of vitamin D.

41.     Plaintiffs also seek to represent an Pennsylvania Subclass defined as all persons who are Pennsylvania residents who purchased Hill's Products during the Relevant Time Period.

42.     Excluded from the Class and Pennsylvania Subclass are Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

### *The Classes and Subclasses Satisfy the Rule 23 Requirements*

43.     Members of the Class and Subclasses are so numerous that joinder of all members is impracticable.  While the exact number of Class Members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiffs believe the members of the Class exceed thousands of persons, if not hundreds of thousands.

44.     Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions solely affecting individual members of the Class and Subclass. Among questions of law and fact common to the Class and Subclass are:

a.   Whether Hill's Products contain excessive levels of vitamin D;

b.   Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

c.   Whether Defendant's labeling, advertising, and marketing is false;

d.   Whether Defendant's labeling, advertising, and marketing is misleading;

e.   Whether Defendant's labeling, advertising, and marketing is deceptive;

f.   Whether Defendant breached warranties by making the representations above;

g.   Whether Defendant was unjustly enriched by making the representations and omissions above;

h.   Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.;

i.   Whether the Hill's Products' value to Class Members and Subclass Members is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them because of the toxic level of vitamin D; and

j.   Whether Defendant's actions as described above violated various state consumer protection statutes.

45.   Plaintiffs' claims are typical of the claims of Class and the Subclass because Plaintiffs and each member of the Class and Subclass purchased Hill's Products and suffered damages and a loss of money as a result of that purchase.

46.   Plaintiffs are adequate representatives of the Class and the Subclass because their interests do not conflict with the interests of the Class and Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and

they intend to prosecute this action vigorously. The interests of the Class and the Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class and Subclass may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class and Subclass to individually redress these wrongs. There will be no difficulty in the management of this class action.

48.     Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class and subclass members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

49.     Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Class and Subclass so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class and Subclass as a whole.

**COUNT I**

**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301, *et seq.*)**

50.     Plaintiffs and Class Members repeat and reallege and incorporate by reference each allegation set forth above and further alleges as follows.

51.     Plaintiffs bring this Count I individually and on behalf of the members of the Class against Defendant.

52.     Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

53.     Plaintiffs and Class Members are consumers as defined in 15 U.S.C. § 2301(3).

54.     Plaintiffs purchased Hill's Products during the Relevant Time Period costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

55.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

56.     In connection with the sale of Hill's Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things, "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products include, but are not limited to, that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

57.     Defendant breached these written warranties because the Hill's Products contained excessive and toxic levels of vitamin D harmful to pet health.

58.     By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiffs and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Class Members.

59.     Within a reasonable time after Plaintiffs knew or should have known of such

failure to conform, Plaintiffs and/or Class Members gave Defendant notice thereof.

## COUNT II

## BREACH OF EXPRESS WARRANTY

60.     Plaintiffs repeat and reallege each and every allegation above, as if set forth in full herein.

61.     Defendant sold, and Plaintiffs and members of the Class purchased Hill's Products during the Relevant Time Period.

62.     Defendant represented in its marketing, advertising, and promotion of Hill's Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."  Defendant also represented, among other things, that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

63.     The Hill's Products did not conform to Defendant's representations and warranties in that they contained excessive and toxic levels of vitamin D harmful to pet health.

64.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs and/or Class Members gave Defendant notice thereof. Further, Defendant knew and had knowledge of the fact that its Hill's Products failed to conform to these representations and warranties well before Plaintiff and the Class Members.

65.     As a direct and proximate result of Defendant's breach of these express warranties and failure of the Hill's Products to conform, Plaintiffs and members of the Class have been

damaged in that they did not receive the product as specifically warranted and/or paid a premium

for the product and incurred veterinary expenses to treat their ill pets caused by these breaches.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

66.     Plaintiffs repeat and reallege each and every allegation above, as if set forth in
full herein.

67.     Defendant sold and Plaintiffs and members of the Class purchased Hill's
Products.

68.     When sold by Defendant, the Hill's Products were not merchantable, did
not pass without objection in the trade under the label description, were not of fair average
quality within that description, were not fit for the ordinary purposes for which such goods are
used, and did not conform to the promises or affirmations of fact made on the container or label
because of the excessive and toxic levels of vitamin D.

69.     Within a reasonable time after Plaintiffs knew or should have known that the
Hill's Products were not fit for such purpose and/or was not otherwise merchantable as set forth
above, Plaintiffs and/or Class Members gave Defendant notice thereof.  Further, Defendant knew
and had knowledge of the fact that its Hill's Products failed to conform to these representations
and warranties well before Plaintiff and the Class Members

70.     As a direct result of the Hill's Products being unfit for such purpose and/or
otherwise not merchantable, Plaintiffs and the members of the Class were damaged in that they
did not receive the product as warranted and/or paid a premium for the product and incurred
veterinary expenses to treat their ill pets.

## COUNT IV

## UNJUST ENRICHMENT

71.     Plaintiffs repeat the allegations of the foregoing paragraphs, as if fully set forth herein.

72.     Plaintiffs conferred benefits on Defendant by purchasing Hill's Products at a premium price.

73.     Defendant has knowledge of such benefits.

74.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of Hill's Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented, among other things, that its Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contains "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety" when, in fact, the Hill's Products contained excessive levels of vitamin D harmful to pet health, which caused injuries to Plaintiffs and members of the Class because they would not have purchased (or paid a price premium) for Hill's Products had the true facts been known.

75.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT V

## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Cons. Stat. §§ 201-2 and 201-3, *et seq.*

76. The Pennsylvania Plaintiffs identified above, individually and on behalf of the Pennsylvania Subclass, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

77. Hill's is a "person," as meant by 73 Pa. Cons. Stat. § 201-2(2).

78. The Pennsylvania Plaintiffs and Pennsylvania Subclass members purchased goods and services in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

79. Hill's engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including the following: representing that its goods and services have characteristics, uses, benefits, and qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v)); representing that its goods and services are of a particular standard or quality if they are another (73 Pa. Stat. Ann. § 201-2(4)(vii)); and advertising its goods and services with intent not to sell them as advertised (73 Pa. Stat. Ann. § 201-2(4)(ix)).

80. Hill's representations and omissions were material because they were likely to deceive reasonable consumers.

81. As a direct and proximate result of Hill's deceptive acts and practices, the Pennsylvania Plaintiffs and Pennsylvania Subclass have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Hill's Products.

82.     The Pennsylvania Plaintiffs and Pennsylvania Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble damages, attorneys' fees and costs, and any additional relief the Court deems necessary or proper

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

    a.  For an order certifying the nationwide Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

    b.  For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c.  For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclass on all counts asserted herein;

    d.  For compensatory (including but not limited to emotional distress), statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.  For prejudgment interest on all amounts awarded;

    f.  For an order of restitution and all other forms of equitable monetary relief;

    g.  For injunctive relief as pleaded or as the Court may deem proper; and

    h.  For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated: April 3, 2019

Respectfully submitted,

By:

Charles E. Schaffer (PA76259)
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

*Attorney for the Plaintiffs and Class*